UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 3:15-cv-30148

| | |
|---|---|
| MARK SCHAND,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| ELMER McMAHON,<br>LEONARD SCAMMONS,<br>RAYMOND P. MUISE and<br>MICHAEL REID,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' SUPPLEMENTAL JURY INSTRUCTION

**PURPOSE OF THE BOARD OF BAR OVERSEERS -**

You have heard a witness(es) testify that the Board of Bar Overseers contacted a member(s) of the Springfield Police Department concerning the Victoria Seymour murder case file. The Board of Bar Overseers and the Office of the Bar Counsel were established by the Supreme Judicial Court in 1974 as independent administrative bodies to investigate and evaluate complaints against lawyers. The Board of Bar Overseers does not investigate police misconduct. The Board acts as an administrative tribunal to consider disciplinary charges brought by Bar Counsel. When an attorney is found guilty of misconduct the Board either imposes discipline or recommends the matter to the Supreme Judicial Court so that more serious discipline can be imposed.

**PROCEDURAL DUE PROCESS -**

In order for a plaintiff to succeed under a procedural due process theory, the plaintiff must prove by a preponderance of the evidence that objectively unreasonable, unduly suggestive identification procedures, employed by one or more of the four named officers, acting intentionally or with deliberate indifference, caused the mistaken and unreliable in-court identifications, and thereby deprived him of a fair trial. [1]

When a plaintiff alleges violation of his federally secured constitutional due process rights, the plaintiff has the burden of showing that the officers' actions constituted an "affirmative abuse of power." [2] In other words, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." [2] A police officer's negligence or inadvertence in failing to turn over evidence is not actionable under § 1983. [2]

---

[1] *Pace v. Des Moines,* 201 F.3d 1050, 1055 (8th Cir. 2000) *Geter v. Fortenberry,* 882 F.2d 167, 170-71 (5th Cir. 1989) *Hensley v. Carey,* 818 F.2d 646 (7th Cir.) cert. denied, 484 U.S. 965 (1987).

[2] *Daniels v. Williams* 474 U.S. 327 (1986).

Respectfully submitted,
THE DEFENDANT,
Raymond Muise,
By his attorney,

*/s/ Lisa C. deSousa*
Lisa C. deSousa, Esq., BBO #546116
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel:    (413) 886-5205
ldesousa@springfieldcityhall.com

| THE DEFENDANT, | THE DEFENDANT, |
|---|---|
| Leonard Scammons, | Elmer McMahon, |
| By his attorney, | by his attorney, |
| */s/  Kevin Coyle* | */s/  Austin M. Joyce* |
| Kevin Coyle, Esq., BBO#255040 | Austin M. Joyce, Esq., BBO #255040 |
| 1299 Page Boulevard | Reardon, Joyce & Akerson PC |
| Springfield, MA 01104 | 4 Lancaster Terrace |
| Tel:    (413) 787-1524 | Worcester, MA  01609 |
| attycoyle@aol.com | Tel:    (508) 754-7285 |
|  | ajoyce@rja-law.com |

THE DEFENDANT,
Michael Reid,
By his attorneys,

*/s/  Kathleen E. Sheehan*
Kathleen E. Sheehan, Esq., BBO #456910
Jeremy Saint Laurent, Esq. BBO #698682
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel:    (413) 787-6085
ksheehan@springfieldcityhall.com
jsaintlaurent@springfieldcityhall.com

**Certificate of Service**

The undersigned hereby certifies that a true copy of the within Motion to Reconsider was this day served upon the parties via the Federal Court's ECF Notice and delivery System. I am unaware of any party who is a non-registered participant and therefore electronic filing is the sole means of this document.
SIGNED under the pains and penalties of perjury.


Dated: September 19, 2019                                /s/ Lisa C. deSousa
                                                         Lisa C. deSousa, Esq.