**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARK SCHAND, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SPRINGFIELD, et al.,<br><br>    Defendants. | Case No. 3:15-cv-30148<br><br>The Honorable William G. Young |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**SUPPLEMENTAL JURY INSTRUCTIONS**

Plaintiff Mark Schand ("Plaintiff") respectfully submits this Opposition to Defendants Reid, Scammons, and McMahon's (collectively, "Defendants") Supplemental Jury Instructions (Dkt. No. 237) ("Supp").

First, Defendants propose an overly detailed jury instruction regarding what the Board of Bar Overseers ("BBO") is and the specific responsibilities of the BBO. Defendants' proposed instruction is not designed to provide useful information to the jury as much as it is to suggest to the jury that responsibility here should be placed on the prosecutors, not Defendants. See Supp. at 1 ("The Board of Bar Overseers does not investigate police misconduct."). If the Court believes that an instruction on the Board of Bar Overseers is necessary, simply noting that "The Board of Bar Overseers is an administrative body that investigates and evaluate complaints against lawyers," or something to that effect, should be sufficient.

Second, Defendants once again propose a jury instruction seeking to import intentionality into the unduly suggestive identification claim. See Supp at 2. Plaintiff believes that the Court's proposed instruction is the correct one. "Intentionally or with deliberate indifference" is not in accordance with Supreme Court and First Circuit Precedent. See Defs.' Suppl. Jury Instruction at

2, ECF No. 237; see also Daniel v. Williams, 474 U.S. 327, 330 (1986) (Section 1983 "contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right."); Perry v. New Hampshire, 565 U.S. 228, 232 n.1 (2012) ("[W]hat triggers due process concerns is police use of an unnecessarily suggestive identification procedure, whether or not they intended the arranged procedure to be suggestive."). In interpreting the Court's guidance in Daniel, the First Circuit has determined that a Section 1983 claim based on an alleged deprivation of a plaintiff's right to due process is actionable based on conduct that is less than intentional. See Torres Ramirez v. Bermudez Garcia, 898 F.2d 224, 227–28 (1st Cir. 1990).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court disregard Defendants' supplemental jury instructions.

Dated: September 20, 2019

By: */s/ Joshua D. Weedman*
Heather K. McDevitt (*pro hac vice*)
Joshua D. Weedman (*pro hac vice*)
Jacqueline L. Chung (*pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Phone: (212) 819 8200
Fax: (212) 354 8113
hmcdevitt@whitecase.com
jweedman@whitecase.com
jacqueline.chung@whitecase.com

Kevin Adam, BBO # 684955
WHITE & CASE LLP
75 State Street, 24th Floor
Boston, MA 02109
Phone: (617) 979 9300
Fax: (617) 979 9301
kevin.adam@whitecase.com
*Counsel for Plaintiff Mark Schand*

## **CERTIFICATE OF SERVICE**

I, Joshua D. Weedman, Esq., herby certify that a correct copy of the forgoing brief was filed electronically on September 20, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                     /s/ *Joshua D. Weedman*
                                        Joshua D. Weedman