**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARK SCHAND, et al., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SPRINGFIELD, et al., <br><br> Defendants. | Case No. 3:15-cv-30148 <br><br> The Honorable William G. Young |

**PLAINTIFF'S MOTION FOR A WRIT OF EXECUTION**

Plaintiff Mark Schand ("Plaintiff") respectfully submits this motion for a writ of execution on the judgment entered by this Court in the above-captioned matter.

After a two-week trial, which resulted in a unanimous verdict in favor of Mr. Schand on all counts submitted to the jury, this Court entered a judgment in the amount of $26,677,000 on September 30, 2019. [Dkt. 244.] This Court subsequently denied Defendants' motions for judgment as a matter of law, motions for a new trial, and motions for remittitur on September 16, 2020. [Dkt. 312.] The Court also awarded attorneys' fees and costs in the amount of $443, 062.20. [Dkt. 312.] Although Defendants Michael Reid, Raymond Muise, Elmer McMahon, and the Estate of Leonard Scammons[1] (collectively, "Defendants") have appealed the judgment, they have not posted a bond as required under the Federal Rules of Civil Procedure to secure a stay of enforcement pending appeal or otherwise moved for a stay.

Therefore, in light of this Court's September 16, 2020 decision denying all pending post-trial motions—which starts the appellate clock in this case—in the absence of any stay pending

---

[1] Plaintiff's Motion For Substitution of Deceased Defendant Leonard Scammons remains pending. [Dkt. No. 308.]

appeal and corresponding supersedeas bond, Plaintiff respectfully requests that this Court issue a writ of execution to allow Plaintiff to proceed with the enforcement of the judgment. A proposed writ of execution has been appended as Exhibit A to this motion.

## ARGUMENT

1. Federal courts have the authority to enforce their judgments, and retain jurisdiction over supplementary proceedings to do so. U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 496 (1st Cir. 2000) ("[T]he jurisdiction of a Court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied.") (internal quotations omitted); Burgos-Yantín v. Municipality of Juana Díaz, 909 F.3d 1, 3-4 (1st Cir. 2018) (same).

2. Federal Rules of Civil Procedure 69 and 62 respectively govern the procedures for enforcing a federal money judgment and the requirements for staying the enforcement of a judgment pending appeal.

3. Federal Rule of Civil Procedure 69(a) provides in relevant part that "a money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a) further states that "[t]he procedure on execution – and in proceedings supplementary to and in aid of the judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent that it applies."

4. Under Massachusetts law, which, pursuant to Rule 69(a), dictates the procedures for execution in the absence of a governing federal statute, an original execution issues automatically within one year of the entry of the judgment. Mass. Gen. L. ch. 235 § 17. If no writ is issued within one year of the judgment and the judgment remains unsatisfied, a judgment creditor may obtain a writ of execution by motion to the court that has rendered judgment or by bringing a new civil action, pursuant to Mass. Gen. L. ch. 235 § 19. See First Nat'l Bank of Boston v. Bernier, 50 Mass. App. Ct. 756 (2001) (stating that a new execution may be obtained by

motion after the expiration of the time for taking out an execution); Cadles of Grassy Meadows II LLC v. MacKinnon, 2010 U.S. Dist. LEXIS 22553, *4-5 n.1 (D. Mass. Mar. 11, 2010) (Collings, Mag. J.), aff'd, No. 91-10432-WGY [Dkt. 83] (Young, J.) (citing First Nat'l Bank of Boston). Accordingly, Plaintiff is entitled to the issuance of a writ.

5. This Court has not stayed the enforcement of the judgment pending the appeal of this action. Federal Rule of Civil Procedure 62 provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). Thereafter, a stay of judgment enforcement is not permitted, even where an appeal is pending, unless the judgment debtor posts a bond or other security. See Fed. R. Civ. P. 62(b); TLT Const. Corp. v. RI, Inc., 2006 U.S. Dist. LEXIS 106322, at *2 (D. Mass. Oct. 13, 2006) (Sorokin, Mag. J.) ("The Defendant therefore has no entitlement to a stay pending appeal without posting a bond."); Elias Bros. Restaurants Inc. v. Acorn Enterprises, Inc., 931 F. Supp. 930, 939 (D. Mass. 1996) (Collings, Mag. J.) ("To the extent that the defendants seek a stay while their appeal is pending, it is incumbent upon them to give a supersedeas bond as provided in [Rule 62(b)]").

6. The judgment in this action was entered on September 30, 2019 and the 30-day automatic stay of enforcement permitted under Rule 62(a) has since expired. Defendants have not posted a bond or other security to stay the enforcement of the judgment pursuant to Rule 62(b). No other grounds for a stay under Rule 62 apply.[2] Therefore, no stay bars the enforcement of the judgment against Defendants and Plaintiff is entitled to a writ of execution.

---

[2] In addition to allowing for a stay through the posting of a bond via Rule 62(b), Rule 62(f) provides that a "judgment debtor is entitled to the same stay of execution the state court would give" where "a judgment is a lien on the judgment debtor's property under the law of the state where the court is located." That provision does not entitle the Defendants to a stay here because, under Massachusetts law, additional procedures are required to create a lien. See Elias Bros., 931 F. Supp. at 939 (holding that a stay was not permitted under Rule 62(f) because "[i]n Massachusetts,

7.      Although Mass. R. Civ. P. 62(d) and Mass. Gen. Laws Ch. 235, § 16 impose a stay of execution pending appeal on judgments obtained in state court, courts in this district have held that these provisions do not govern the enforcement of federal judgments.  That is because, under Federal Rule of Civil Procedure 69(a), Federal Rule of Civil Procedure 62 and its provisions regarding a stay of enforcement supersede Massachusetts law as a "federal statute that governs to the extent that it applies."  See Fed. R. Civ. P. 69(a); see also Ford v. Bender, 903 F. Supp. 2d 90, 105 (D. Mass. 2012) (Dein, Mag. J.) ("It is well established the Federal Rules of Civil Procedure qualify as federal statutes under Rule 69(a)"); Elias Bros., 931 F. Supp. at 938 (stating that "it is unnecessary to resort to [Massachusetts] state law, i.e., Mass. R. Civ. P. 62(a), because there is a federal statute that controls, to wit, Fed. R. Civ. P. 62(a)"); TLT Const. Corp., 2006 U.S. Dist. LEXIS 106322, *2 ("Fed. R. Civ. P. 62(a) is a federal statute governing execution procedures, and is in direct conflict with Mass. R. Civ. P. 62(a)."); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3012 (1973 & 1994 Supp.) (Under Rule 69(a), "if there is an applicable federal statute, it is controlling, as is also any relevant Civil Rule, since those rules have the force of statute").

8.      Accordingly, Federal Rule of Civil Procedure 62 must take supremacy over state law here.  Indeed, a contrary finding would mean that the provisions regarding a stay of enforcement under Federal Rule 62 that apply to all federal judgments would not apply to the enforcement of federal judgments entered in Massachusetts, in light of the automatic stay of execution imposed under Massachusetts law for judgments pending appeal.  That position is unsupported by federal law.

---

a judgment plus an attachment is necessary to create such a lien.").  No other grounds for a stay exist.  See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002) ("Stays of monetary judgments are ordinarily sough under either [Rule 62's supersedeas bond provision] or 62(f)].

9. Accordingly, a writ of execution should issue here unless Defendants post a supersedeas bond equivalent to "the amount of the judgment plus 10% of the amount to cover interest and any award of damages for delay plus $500 to cover costs," as provided by the Local Rule 62.2, given that Defendants are not otherwise entitled to a stay of enforcement.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this court issue a writ of execution.

Dated: September 30, 2020

By:   */s/ Jacqueline Chung*
Heather K. McDevitt (*pro hac vice*)
Joshua D. Weedman (*pro hac vice*)
Jacqueline L. Chung (*pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Phone: (212) 819 8200
Fax: (212) 354 8113
hmcdevitt@whitecase.com
jweedman@whitecase.com
jacqueline.chung@whitecase.com

Kevin Adam, BBO # 684955
WHITE & CASE LLP
75 State Street, 24th Floor
Boston, MA 02109
Phone: (617) 979 9300
Fax: (617) 979 9301
kevin.adam@whitecase.com

*Counsel for Plaintiff Mark Schand*

## **CERTIFICATE OF SERVICE**

I, Jacqueline Chung, Esq., herby certify that a correct copy of the forgoing brief was filed electronically on September 30, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s/  *Jacqueline Chung*
                                        Jacqueline Chung